# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TIMOTHY L. RUSH, Defendant. | Case No. 14-MJ-152<br>ORDER FOR PRETRIAL DETENTION |

On the 13th day of June, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Max S. Wolson.

## I. RELEVANT FACTS AND PROCEEDINGS

On May 30, 2014, Defendant Timothy L. Rush was charged by Criminal Complaint (docket number 2) with being a felon in possession of a firearm. At the hearing, ATF Special Agent Tim Hunt testified regarding the circumstances underlying the charge. On May 29, 2014, the Cedar Rapids Police Department received a report of a man with a handgun. The caller reported that he had seen a black man, wearing a long sleeve white shirt and a red hat, retrieve a handgun from under some bushes and walk off. Officers responded to the scene and found Defendant, who matched the description given by the caller. When Defendant saw the officers, he fled on foot, although he later claimed that he believed the plain clothes officers who were driving an unmarked vehicle, were persons with whom he had had an earlier altercation.

As officers were pursuing Defendant, one officer saw the Defendant pull a handgun from his pocket. The officers lost sight of Defendant for a short period of time, but located him about one block away. Defendant did not have a gun on his person at that time. When officers retraced the path taken by Defendant, however, they found a loaded gun in the backyard. The officer confirmed that the gun matched the description of the gun which he had seen in Defendant's possession.

Defendant was interviewed later that evening at the Cedar Rapids Police Department and, after being *Mirandized*, agreed to talk to officers. Defendant initially denied possessing the handgun, but later admitted having the gun. Defendant told officers he had found it earlier that day and intended to plant it in another person's vehicle because he wanted to assist law enforcement in getting "shooters off the street."

Defendant is 24 years old. He was born in Chicago and lived there until 2009, when he moved to Cedar Rapids. He was raised by his grandparents, who continue to reside in Chicago. He has five brothers, three of whom live in Cedar Rapids and two who live in Chicago. Defendant has never been married, but has two children with two different women. The children and their mothers live in Chicago.

Immediately prior to his arrest in this case, Defendant was living with his girlfriend in Cedar Rapids and could return there if released. For the past three years, Defendant has been employed at Taco Bell in Cedar Rapids, which is managed by his brother. Defendant's brother confirmed that Defendant could return to that employment if released.

In 2009, Defendant was shot in his left leg and has two metal rods in the leg. Otherwise, he has no history of medical issues and no history of mental or emotional health concerns. Defendant told the pretrial services officer that his alcohol consumption has never been problematic, although the Court notes that he has three convictions for public intoxication. Defendant admitted to the occasional use of marijuana, but told the pretrial services officer that he last smoked marijuana three years ago.

At ages 16 and 17, Defendant was charged in Cook County, Illinois, with retail theft, criminal trespass to land, possession of cannabis (four times), criminal trespass to vehicles, and reckless conduct. The disposition of two of those cases is unknown and two of the cases were not prosecuted. The remaining four cases were stricken from the docket with leave to reinstate.

In January 2008, at age 18, Defendant was charged again with possession of cannabis. While that charge was pending, Defendant was charged with use of an unauthorized weapon. Defendant was given five days in jail on the weapons charge and the drug charge was stricken with leave to reinstate. In 2009, Defendant was convicted of possession of cannabis in McHenry County, Illinois. In December 2009, apparently after he moved to Iowa, Defendant was charged and convicted in Linn County of disorderly conduct-fighting or violent behavior, and interference with official acts.

Defendant was charged seven times in Linn County, Iowa, during 2011. Defendant was convicted of possession of a controlled substance (twice), eluding, interference with official acts (three times), disorderly conduct, and public intoxication. Some of the charges occurred while other charges were pending. In April 2012, Defendant was charged and convicted of disorderly conduct and public intoxication.

On May 7, 2012, Defendant was charged with unauthorized possession of a sawed-off shotgun. He received a suspended five-year prison term. On May 19, 2013, while on probation, Defendant was charged with interference with official acts and public intoxication. He failed to appear for his initial appearance on June 13, however, and a warrant was issued for his arrest. He was also placed on absconder status in his felony probation. Defendant was arrested in Cook County, Illinois, on September 3, 2013. Defendant's probation was modified to require that he reside at a residential facility. Defendant lived at the Hinzman Center in Cedar Rapids until his release on April 28, 2014, approximately one month prior to the incident giving rise to the instant charge.

3

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial

officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

The weight of the evidence against Defendant is strong. It is undisputed that Defendant is a convicted felon. An officer saw Defendant in possession of a handgun, and a handgun was found along the path which Defendant took while fleeing police. Defendant subsequently admitted that he had been in possession of the handgun. While Defendant

5

has some ties to the Cedar Rapids area, he also has substantial ties to Chicago. Defendant absconded from probation supervision in June 2013 and was arrested two and one-half months later in Chicago. The Court also notes that Defendant was on probation for unauthorized possession of a sawed-off shotgun when he was arrested on the instant charge of unlawful possession of a handgun. The Court believes Defendant is both a risk of flight and a danger to the community.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Court finds probable cause exists that Defendant committed the crime described in the Criminal Complaint.

2. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 13th day of June, 2014.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA